| | |
|---|---|
| Marina A. Lewis, CA Bar No. 248816 | Christina D. Frangiosa, PA Bar No. 80249 |
| marina@lewiskentllp.com | (*Pro Hac Vice forthcoming*) |
| LEWIS KENT LLP | CFrangiosa@eckertseamans.com |
| 235 Montgomery Street, 30th Floor | ECKERT SEAMANS |
| San Francisco, CA 94104 | CHERIN & MELLOTT, LLC |
| Telephone:  415.966.3402 | Two Liberty Place |
| Facsimile:  415.966.3403 | 50 South 16th Street, 22nd Floor |
| | Philadelphia, PA 19102 |
| | Telephone:  215.851.8432 |
| | Facsimile:  215.851.8383 |

Attorneys for Plaintiff
Pet Valu Canada Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| PET VALU CANADA INC., | : | Civil Action No. |
| | : | |
| Plaintiff, | : | COMPLAINT FOR: |
| | : | |
| v. | : | (1) CYBERSQUATTING |
| | : | (2) TRADEMARK INFRINGEMENT |
| BSB VETERINARY CORP., | : | (3) BREACH OF CONTRACT |
| | : | |
| Defendant. | : | |

**COMPLAINT FOR CYBERSQUATTING,
TRADEMARK INFRINGEMENT AND BREACH OF CONTRACT**

This is an action for cyberpiracy (domain name cybersquatting) and federal trademark infringement pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1125(d), and breach of contract under California state law.

**I.   JURISDICTION**

1. This Court has personal jurisdiction over Defendant because Defendant resides and conducts substantial business within, and has established contacts with, this District.

2. This Court has federal question jurisdiction of the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, because this action alleges violations of the Lanham Act (15 U.S.C. §§ 1114 and 1125(d)).

3. This Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391 because Defendant resides in this State and in this judicial District.

## II.   INTRADISTRICT ASSIGNMENT

5. This is an intellectual property action to be assigned on a district-wide basis under Civil Local Rule 3-2.

## III.   PARTIES

6. Plaintiff, Pet Valu Canada Inc. ("Pet Valu" or "Plaintiff"), is a British Columbia (Canada) corporation having an address of 130 Royal Crest Court, Markham, Ontario L3R 0A1, Canada.

7. Defendant, BSB Veterinary Corp. d/b/a Pet VM ("BSB" or "Defendant"), is a California corporation with a published principal place of business at 2465 Salvio Street, Suite B, Concord, CA 94520.

8. Upon information and belief, Defendant BSB filed for registration of the fictitious business name "Pet Value Mart" with the Contra Costa County Clerk's Office in 2015 and again in 2017. Copies of the pertinent details for Defendant's 2015 and 2017 fictitious business name filings from the Contra Costa County Clerk-Recorder's online database are attached as Exhibit A.

## FACTS COMMON TO ALL COUNTS

9. Pet Valu provides a wide variety of goods and services directed to household pets under its PET VALU name and mark. These goods and services include: pet food; pet treats; dietary supplements for pets; bird seed; pet toys; pet apparel; pet beds; pet feeding dishes and drinking bowls; pet furniture; dog collars, leashes and harnesses; cat litter; magazines and bulletins published periodically in the field of pets and pet ownership; online and retail store services in the field of pet supplies and pet food; and pet grooming services.

10. Pet Valu has provided the above goods and services directed to household pets under the PET VALU name and mark since at least as early as 1989.

11. Pet Valu is well known in the relevant industry, as it is one of the largest pet retail operations in North America, having recently opened its 375th store location in the United States.

12. Pet Valu has retail locations and customers throughout the United States.

13. Pet Valu advertises and promotes its goods and services on the Internet, in its physical retail store locations, and through advertising campaigns on the radio, on television, in print magazines and newspapers, and over popular streaming services such as Spotify.

14. Pet Valu's main online presence in the United States is located at US.PETVALU.COM.

15. Pet Valu has used PET VALU as a name and mark in interstate commerce in the United States in connection with its goods and services for household pets since 1989. Materials showing Pet Valu's use of the PET VALU name and mark are attached as <u>Exhibit B</u>. Pet Valu's use of the PET VALU name and mark has been continuous, commercially significant, and substantially exclusive.

16. By virtue of Pet Valu's continuous use in commerce in the United States of its PET VALU name and mark in connection with goods and services for household pets, such goods and services have become well and favorably known to the relevant trade and public under such name and mark.

17. Pet Valu is the owner of United States Trademark Registrations Nos. 1,563,967, 1,980,978, 3,963,108, and 4,955,118 for its PET VALU marks:

| Registration No. | Mark | International Class(es) |
|---|---|---|
| 1,563,967 | PET VALU | 42 |
| 1,980,978 | PET VALU | 28 |
| 3,963,108 | PET VALU COMPANION | 16 |
| 4,955,118 | PET VALU. YOUR PET. YOUR STORE (and design) | 35 |

These registrations are valid, subsisting and incontestable. A copy of the pertinent information about these registrations from the U.S. Patent and Trademark Office database is attached as Exhibit C.

18. Defendant operates an online "pet pharmacy" which advertises online retail services directed to products for household pets, including dietary supplements, pet treats, pet food, and flea and tick repellents.

19. Defendant markets and promotes its online retail services for household pets through the PETVM.COM website. Exhibit D.

20. At least as early as September 12, 2018, Defendant was publicly listed as the registrant and owner of the PETVALUEMART.COM domain name (the "**Domain Name**"), which was originally registered on June 25, 2015. Exhibit E.

21. Upon information and belief, Defendant initially marketed and promoted its retail store services for household pets primarily through content available at the Domain Name

(the "**Website**"), beginning at some point between June 2015 and October 2017. A copy of the earliest available archived screen capture of the Website's landing page is attached as Exhibit F.

22. On or around June 12, 2018, Pet Valu first became aware of Defendant's use of the confusingly similar mark "Pet Value Mart" (the "**Mark at Issue**"), its ownership of the Domain Name, and its operation of the Website, when Pet Valu's customer service representatives began "on a continuous basis receiving emails/calls from people thinking they have been dealing with PV [Pet Valu] when in fact it is Pet Value Mart."

23. In a letter dated July 11, 2018, Pet Valu first notified Defendant of its concern regarding Defendant's use of the confusingly similar Mark at Issue, both as the dominant component of the Domain Name and as a name and mark in the content of the Website. Exhibit G.

24. After further correspondence, and in response to Pet Valu's concern, Defendant and Pet Valu eventually entered into and executed a settlement agreement with an effective date of April 15, 2019 (the "**Settlement Agreement**"), whereby Defendant committed in writing to make no further or other use of the Mark at Issue, any similar variations and any phonetic equivalents as a name or mark, or as a component of a name or mark or domain name, in connection with online and retail store services in the field of pet supplies, pet medications and pet food, with all such use ceasing no later than close of business on May 31, 2019. Exhibit H.

25. Despite this Settlement Agreement, upon information and belief, Defendant renewed its registration for the Domain Name PETVALUEMART.COM on or around June 25, 2019. Exhibit I.

26. Defendant has failed to honor the terms of the Settlement Agreement, and continues to engage in the same infringing conduct expressly prohibited by such Settlement Agreement, which Defendant agreed to abandon as a condition of being released from liability for past infringement.

27. Despite commitments made in the Settlement Agreement, Defendant continues to use the Domain Name for commercial purposes in derogation of Pet Valu's rights in its names and marks.

28. Upon information and belief, the Domain Name is currently configured to resolve or point to a website available at the PETVM.COM domain, which contains content nearly identical to the Website previously available at the Domain Name, except any use of "Pet Value Mart" as a name or mark has been replaced with the designation "Pet VM." Exhibit D.

29. On July 22, 2019, Pet Valu (through counsel) again corresponded with Defendant to identify Pet Valu's continued concerns about Defendant's renewal and continued use and ownership of the Domain Name.

30. In response to Pet Valu's continued concern regarding Defendant's unwillingness to comply with the terms of the Settlement Agreement, Defendant confirmed, on or about July 27, 2019, that it planned to continue owning and operating the Domain Name for use by existing clients and customers for the purposes of continuing to accept and refill prescriptions and to redirect these customers to its current website.

31. Defendant concedes that it finds the PETVALUEMART.COM Domain Name valuable in order to continue serving its clients and customers who visited originally when Defendant's Website used the infringing Domain Name.

32. In furtherance of its bad faith behavior and upon information and belief, at some point between July 2019 and September 2019, Defendant attempted to hide its identity as the registrant of the Domain Name by converting its previously public registration to one protected by The Endurance International Group, Inc.'s private registration service. Exhibits I and J.

33. Upon information and belief, at least as recently as September 10, 2019, and in further breach of the terms of the Settlement Agreement, Defendant continued to make the content previously found at the PETVALUEMART.COM Website available through the sub-domain TESTSITE.PETVALUEMART.COM and through a separate domain name, THEEGGSOTICA.COM, including uses of the Mark at Issue. Exhibit K.

34. Upon information and belief, owners of household pets and other consumers who visited the domains TESTSITE.PETVALUEMART.COM and THEEGGSOTICA.COM until at least as recently as September 10, 2019, were still able to purchase pet supplies, pet medications and pet food from Defendant under the Mark at Issue.

**FIRST CLAIM FOR RELIEF**
**Anticybersquatting (15 U.S.C. § 1125(d))**

35. Pet Valu realleges and incorporates by reference the allegations in Paragraphs 1 through 34 as if fully set forth herein.

36. Pet Valu's PET VALU name and mark is distinctive and well recognized as applied to its goods and services for household pets.

37. The PET VALU name and mark has achieved commercial strength by virtue of Pet Valu's continuous, extensive and substantially exclusive use in connection with retail services and various products for household pets, and the PET VALU name and mark is and has

been well-known and well regarded since prior to any conduct of Defendant complained of herein, including the registration of the PETVALUEMART.COM Domain Name.

38. Defendant registered, trafficked in, or used the Domain Name, which is confusingly similar to Pet Valu's PET VALU registered mark, a mark that was distinctive at the time the Domain Name was registered.

39. The Domain Name is confusingly similar to Pet Valu's PET VALU name and mark in sound, appearance, connotation and commercial impression. The Domain Name incorporates the whole of the federally registered PET VALU mark and simply uses the normal spelling of the phonetically equivalent term "Value," along with the generic term for a retail outlet, "Mart," and the generic top-level domain ".com."

40. Upon information and belief, Defendant was well aware of Pet Valu and Pet Valu's use of the PET VALU name and mark at the time the Domain Name was registered.

41. Upon information and belief, Defendant adopted "Pet Value Mart" as a name, as a mark, and as a primary component of the Domain Name for its Website because of its close similarity to Pet Valu's name and mark, with the intent of trading off of Pet Valu's goodwill in connection with products and services for household pets.

42. In registering and using the Domain Name, Defendant had and continues to have a bad faith intent to profit from Pet Valu's PET VALU name and mark.

43. Upon information and belief, Defendant has no trademark or other intellectual property rights in the Domain Name.

44. Defendant is not making bona fide noncommercial or fair use of the Domain Name given Pet Valu's incontestable federal registrations for its PET VALU marks.

45. Defendant's bad faith intent in registering and using the Domain Name is to divert consumers from Pet Valu's PETVALU.COM site to Defendant's site accessible under the Domain Name so as to harm the goodwill represented by Pet Valu's PET VALU name and mark, for commercial gain by Defendant, by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of Defendant's site with that of Pet Valu and its online location.

46. Defendant has no permission or license from Pet Valu to register or use the Domain Name. Defendant is neither affiliated with nor related to Pet Valu.

47. Defendant's registration and use of the Domain Name is in violation of Pet Valu's rights and is cyberpiracy (domain name cybersquatting) under 15 U.S.C. § 1125(d).

48. The continued acts and activities of Defendant complained of herein accordingly constitute willful acts of cyberpiracy (domain name cybersquatting) in derogation of Pet Valu's rights in its federally registered PET VALU marks.

49. Defendant's registration and use of the infringing Domain Name has caused and will continue to cause monetary harm, in an amount to be proven at trial, resulting from the mistaken association of Defendant's services with those of Pet Valu.

50. Pet Valu is also suffering irreparable harm as a result of the above conduct, for which there is no adequate remedy at law. Therefore, Pet Valu is entitled to injunctive relief.

51. In addition to injunctive relief, Pet Valu is entitled to statutory damages, compensatory damages, lost profits, costs incurred in pursuing this action, and transfer of the infringing Domain Name to Pet Valu.

52. As a consequence of Defendant's willful infringement, Pet Valu is entitled to recover from Defendant three times the amount of actual profits or damages, whichever is greater.

53. This is an exceptional case under 15 U.S.C. 1117(a), entitling Pet Valu to recover reasonable attorney fees incurred in connection with this action.

## SECOND CLAIM FOR RELIEF
### Federal Trademark Infringement (15 U.S.C. § 1114)

54. Pet Valu realleges and incorporates by reference the allegations in Paragraphs 1 through 53 as if fully set forth herein.

55. Pet Valu is the owner of valid, subsisting and incontestable United States Trademark Registrations for its PET VALU marks.  Exhibit C.

56. The Mark at Issue, "Pet Value Mart," is confusingly similar to Pet Valu's PET VALU marks in sound, appearance and commercial impression.

57. The Mark at Issue incorporates the whole of the federally registered PET VALU mark and simply uses the normal spelling of the phonetically equivalent term "Value," along with the generic term for a retail outlet, "Mart."

58. As described above, Defendant uses the Mark at Issue in the Domain Name and on websites owned or operated by Defendant in connection with online and retail store services in the field of pet supplies, pet medications and pet food.

59. The business and services Defendant advertises and markets under the Mark at Issue are nearly identical and closely related to the products sold and services rendered by Pet Valu under its registered PET VALU marks.

60. Defendant has used and continues to use the Mark at Issue without Pet Valu's authorization, and in breach of the Settlement Agreement duly executed by Defendant and Pet Valu.

61. Defendant's infringement of the PET VALU mark is willful.

62. The acts and activities of Defendant complained of herein deprive Pet Valu of control over its reputation and goodwill, and as a consequence, Pet Valu has been and will continue to be irreparably harmed unless Defendant is enjoined by this Court.  Therefore, Pet Valu has no adequate remedy at law and is entitled to injunctive relief as set forth herein.

63. In addition to injunctive relief, Pet Valu is entitled to compensatory damages, lost profits and costs incurred in pursuing this action.

64. As a consequence of Defendant's willful infringement, Pet Valu is entitled to recover from Defendant three times the amount of actual profits or damages, whichever is greater.

65. This is an exceptional case under 15 U.S.C. § 1117(a), entitling Pet Valu to recover reasonable attorney fees incurred in connection with this action.

### THIRD CLAIM FOR RELIEF
**Breach of Contract**

66. Pet Valu realleges and incorporates by reference the allegations in Paragraphs 1 through 65 as if fully set forth herein.

67. The Settlement Agreement is a valid, enforceable contract between Pet Valu and the Defendant.

68. Pet Valu has dutifully performed its obligations pursuant to the Settlement Agreement.

69. Defendant has willfully, continuously and materially breached the Settlement Agreement by engaging in the conduct described above, for example, by renewing the PETVALUEMART.COM Domain Name and using it to redirect traffic to the PETVM.COM website, and, at least as recently as September 10, 2019, by continuing to make the content of the Website, including the Mark at Issue, available to the relevant purchasing public at the sub-domain TESTSITE.PETVALUEMART.COM and through a separate domain name, THEEGGSOTICA.COM.

70. Defendant breached and continues to breach the terms of the Settlement Agreement by, among other things:

    (a)    continuing to use the Mark at Issue as a component of a name or mark or domain name in connection with online and retail store services in the field of pet supplies, pet medications and pet food after the agreed upon end date of May 31, 2019;

    (b)    refusing to complete its transition to a new name and mark in online advertising for products and services directed to household pets; and

    (c)    failing to provide to Pet Valu proof of the change of name of the business conducted under the name "Pet Value Mart," such as an as-filed copy of the statement of abandonment of use of a fictitious business name submitted pursuant to California Business and Professions Code § 17922.

71. As a direct and proximate result of Defendant's material breaches of the Settlement Agreement, Pet Valu has been and will continue to be harmed, thereby entitling it to injunctive relief, compensatory damages, attorney fees, costs, and/or other equitable relief against Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff Pet Valu prays for the following relief:

1. That Defendant, including its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendant be preliminarily and permanently enjoined from all use of PET VALU, PET VALUE, PET VALUE MART, and/or PETVALUEMART, including any confusingly similar variations, as names or marks or as components of names, marks, email addresses, domain names, Internet usernames, or Internet keywords in connection with products and services for household pets.

2. That Defendant, including its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendant be permanently enjoined from registering any domain names that consist, in whole or in part, of PET VALU, PET VALUE, PET VALUE MART, and/or PETVALUEMART, including any confusingly similar variations.

3. An order requiring Defendant to deliver up to the Court for destruction all copies of materials, including methods and source code, and other promotional materials which refer to the Domain Name, Website, the Mark at Issue, and any other materials that violate Pet Valu's rights as described herein.

4. An order requiring Defendant to provide Pet Valu with an accounting of any and all sales of products or services for household pets that violate Pet Valu's rights as described herein.

5. An order requiring that the PETVALUEMART.COM Domain Name registration (and any other confusingly similar domain name registrations owned by Defendant)

be transferred to Pet Valu or, in the alternative, an order cancelling the above registration and enjoining the registrant-Defendant from attempting to reregister the Domain Name, pursuant to 15 U.S.C. § 1125(d)(1)(C).

6. That Defendant be ordered to pay statutory damages under 15 U.S.C. § 1117(d), if elected by Pet Valu, in the amount of $100,000.00 per domain name registration. In the alternative, that Defendant be directed to account for and pay over to Pet Valu all profits derived by Defendant by reason of Defendant's registration and use of the PETVALUEMART.COM Domain Name.

7. An award to Pet Valu of restitution and damages, including, but not limited to, liquidated, compensatory, statutory, treble damages, punitive damages, and all other damages permitted by law.

8. An award to Pet Valu of its costs incurred in this action including, but not limited to, its reasonable attorney fees pursuant to 15 U.S.C. § 1117.

9. That Pet Valu be awarded such other and further relief as this Court may deem warranted.

Respectfully submitted,

PET VALU CANADA INC.

Of Counsel

Christina D. Frangiosa, Esquire
**Eckert Seamans Cherin & Mellott, LLC**
Two Liberty Place
50 South 16th St., 22nd Floor
Philadelphia, PA 19102
Telephone: 215.851.8432
Facsimile: 215.851.8383
Email: CFrangiosa@eckertseamans.com

By:   /s/ Marina A. Lewis
Marina A. Lewis
Lewis Kent LLP
235 Montgomery Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 966-3402
marina@lewiskentllp.com

Attorneys for Plaintiff
Pet Valu Canada Inc.